IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS

      Plaintiff,                     No. CIV S-11-0782 CKD P

  vs.

TIM VIRGA, et al.

      Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983.  He has filed a motion to proceed in forma pauperis.  He alleges a wide range of retaliatory actions against him by several correctional officers at California State Prison-Sacramento (CSP-Sacramento).

        The "three strikes" provision of the Prison Litigation Reform Act (PLRA) empowers a court to deny in forma pauperis status to a litigant who has had three prior actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless.  Examples of the former class are claims against which... the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist."  <u>Neitzke v. Williams</u>,

1

490 U.S. 319, 327 (1989) (internal citation omitted).  The bar does not apply if a plaintiff can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Review of court records shows that on at least two occasions this court has revoked plaintiff's in forma pauperis status because his record of filing federal complaints runs afoul of the "three strikes" provision of the PLRA.[2]  See Adams v. Carcy, et al., Civil Action No. 2:07-cv-1878 JAM KJM P (Docket Nos. 31 and 38); Adams v. Dept. of Corrections, et al., Civil Action No. 1:07-cv-0791 AWI GSA P (Docket Nos. 39 and 45).  His status with this court now, therefore, is that of a "three strikes" violator.  Plaintiff concedes as much on page 30 of his complaint, where he explicitly invokes the "imminent danger" exception to the PLRA.  He states that imminent danger exists because prison officials will allegedly continue a pattern of retaliation through the filing of false rules violation reports, the taking of his personal property, and "the setting of prison assaults."  Complaint at 30.

The only plausible basis of finding imminent danger is plaintiff's prediction that defendants will set him up for assaults by other prisoners.  This allegation must be put in the context of the entire complaint, which exhaustively describes "breaches of security" in which members of rival racial groups were allowed in close proximity to each other or intermingled in violation of rules designed to prevent violence between the groups.  The court does not doubt that such rules exist, and it takes the complaint's allegations of "breaches of security" and resulting violence at face value.  However, plaintiff has made no showing that he was ever "set up" as the target of any violence or "breach of security" that took place.  Instead, he casts himself as a bystander when correctional officers allegedly allowed violence to break out.  He has given

---

[1] "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir.), cert. denied, 533 U.S. 953 (2001).  "Imminent" means "about to occur at any moment or [] impending." Id. at 315; see also Oxford English Dictionary, available at http://dictionary.oed.com ("close at hand in its incidence; coming on shortly").

[2] The court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

the court no basis on which it could apply the "imminent danger" exception specifically to him.

Because the court finds the "imminent danger" exception is inapplicable, the motion to proceed in forma pauperis will be denied under 28 U.S.C. § 1915(g). Plaintiff will have thirty days in which to pay the filing fee of $350.00 in full. Failure to submit full payment will result in dismissal of this case without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (Docket No. 2) is denied under the "three strikes" provision of 28 U.S.C. § 1915(g).

2. Plaintiff has thirty days from the entry of this order in which to submit full payment of the $350.00 filing fee. Failure to do so will result in dismissal of this case without prejudice.

Dated: November 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
sadam0782.ord